**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:  Civil Action No. 16-7559 (FLW)(LHG)
LUCIANA DESTEFANO, :
: **OPINION**
Plaintiff, :
:
v. :
:
UDREN LAW OFFICES, P.C., :
DEUTSCHE BANK NATIONAL TRUST :
COMPANY, as Trustee for MORGAN :
STANLEY ABS CAPITAL I INC. TRUST :
2006-HE8 MORTGAGE PASS-THROUGH :
CERTIFICATES, SERIES 2006-HE8, and :
OCWEN LOAN SERVICING, LLC :
:
Defendants. :
_____ :

**WOLFSON, United States District Judge**:

Before the Court are the motions of Defendants Udren Law Offices, P.C., and Deutsche Bank National Trust Company to dismiss the Complaint of Plaintiff, Luciana Destefano, for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), and for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). In her Complaint, Plaintiff alleges that Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e, by filing a foreclosure complaint in the Superior Court of New Jersey. Defendant Udren moves to dismiss the Complaint as outside the Court's jurisdiction under the *Rooker-Feldman* doctrine, time-barred by the applicable statute of limitations, barred by collateral estoppel, and deficient on the merits. Defendant Deutsche Bank joins the motion to dismiss on the basis of the statute of limitations and collateral estoppel, but also asks this court to abstain from exercising jurisdiction under the *Colorado River* doctrine, and additionally moves to dismiss the Complaint as barred by *res*

1

*judicata*. Because the Court finds that it has subject-matter jurisdiction over Plaintiff's Complaint and that Plaintiff's FDCPA claim is time-barred by the applicable one-year statute of limitations, Defendants' motions are GRANTED, and this case is dismissed.

I. FACTUAL BACKGROUND & PROCEDURAL HISTORY

On July 26, 2006, in connection with securing a residential home mortgage loan for the property located at 634 Clark Avenue, Union Beach, New Jersey 07735 ("the Property"), Plaintiff executed a Note in the amount of $238,500.00 in favor of Home123 Corporation. Compl. ¶¶ 9, 10, 11.

On August 5, 2010, Defendant Ocwen Loan Servicing, LLC, which had been assigned Plaintiff's mortgage, filed a form 1099-C with the Internal Revenue Service stating that the debt evidenced by Plaintiff's Note had been canceled. *Id.* at ¶ 12, Ex. B.

On or about August 12, 2015, Plaintiff sold the Property to 634 Clark Avenue, LLC for $20,000. *Id.* at ¶ 13. The sale was accomplished by a Quitclaim Deed dated August 12, 2015, which was prepared by Plaintiff's attorney in this action, Frederick Coles, III, Esquire. Defendant Udren's Ex. Q.

Attempting to collect on the debt evidenced in the Note, Defendants filed a foreclosure complaint,[1] on August 13, 2015, naming Plaintiff as a defendant, in an action styled, *Deutsche Bank, et. Seq. v. Luciana DeStefano, et al.*, in the Superior Court of New Jersey, Chancery Division, Monmouth County, Docket F-028012-15 (the "Foreclosure Action"). Compl. ¶¶ 14-15.

On September 2, 2015, Defendants filed an affidavit of service in the Foreclosure Action, in which process server Frank Russo certified that, on August 21, 2015, he had served copies of

---

[1] Although not alleged in the Complaint, it is clear from the record in the Foreclosure Proceeding that Plaintiff defaulted on her mortgage on November 1, 2006. Plaintiff has not contested that the default occurred, arguing instead that the debt evidenced in the Note was subsequently canceled.

the Summons, Complaint and Foreclosure Case Information Statement on Plaintiff by leaving a copy with an adult member of the household at 634 Clark Avenue, Keyport NJ 07735. Dkt No. 8-6. The household member was described as an approximately 50 year-old, 5'6", 160 lb, blonde, Caucasian female, who had refused to give her name, and was thus named in the affidavit only as "Jane Doe." *Ibid.*

After the expiration of Plaintiff's time to answer, Defendants requested entry of default against Plaintiff, which the Superior Court granted on October 16, 2015.

On or about November 18, 2015, Plaintiff filed Motions to Vacate Default and to Dismiss the Complaint. In the Motion to Vacate Default, Plaintiff, through counsel, argued that service was improper because copies of the initial pleadings had been left at the wrong address. Plaintiff lives in Union Beach, New Jersey, while the affidavit of service stated that the Complaint had been served in Keyport, New Jersey. Notably, the Motion to Vacate Default never asserts that Plaintiff did not receive process. Dkt. No. 8-8, 9 ("the Affidavit of Service" that was filed "unequivocally demonstrate[s] that service was performed on an unknown individual in Keyport, New Jersey. Plaintiff and the property are located in Union Beach New Jersey. . . . . "Due to the insufficiency of service of process and the fact that the process server served an individual in a town where defendant did not reside and had no affiliation with, the default . . . must be vacated."). In the Motion to Vacate Default, Plaintiff argued that there was "good cause" to vacate because of the "insufficiency of service," the absence of prejudice to the Defendants, and Plaintiff's possession of a meritorious defense. *Ibid.* Plaintiff did not submit an affidavit or certification denying receipt of service, instead relying upon the certification of her counsel, Frederick Coles III, Esq. *Id.* at 13.

In her Motion to Dismiss the Foreclosure Action, Plaintiff again argued the insufficiency of service, and argued that Plaintiff's mortgage debt had been canceled as evidenced by the 1099-C filed by Defendants with the IRS. Dkt. No. 8-9, 4, 5. Plaintiff, again, did not submit an affidavit or certification of her own in support of her motion, instead relying upon the certification of counsel. *Id.* at 5. Counsel certified that "the effected service of process relied upon by [Defendant] and its counsel is insufficient in that [Plaintiff], Luciana Destefano, does not and has never lived in Union Beach, New Jersey." *Id.* at 6 ¶ 7.

Importantly for this case, a copy of the Complaint and Foreclosure Case Information Statement, dated August 11, 2015, was included as an attachment to the certification of counsel submitted in support of Plaintiff's Motion to Dismiss the Foreclosure Action. Dkt. No. 8-9, 9-19. Plaintiff was thus in possession of the foreclosure complaint on or before November 18, 2015.

On December 14, 2015, the Honorable Patricia Del Bueno Cleary, P.J. Ch., of the New Jersey Superior Court denied Plaintiff's Motion to Dismiss, without opinion or explanation, other than "good cause shown." Dkt. No. 8-10, 1-2. On the same date, the Superior Court also entered the order provided by Plaintiff's counsel vacating default. *Id.* at 3-4. The Order Vacating Default also was issued without opinion and contains no explanation other than "good cause shown." In addition to vacating the default, the Court checked the box indicating that the motion was "Unopposed" and added language ordering that "Defendant shall file an answer to the complaint within 35 days of 12/14/2015." *Id.* at 4.

Also during December 2015, Defendants filed a corrected 1099-C with the Internal Revenue Service, stating that the debt evidenced in the Note had not been canceled. Compl. ¶ 20.

On or about February 2, 2016, Plaintiff filed an Answer with Affirmative Defenses and Counterclaims (the "Answer"). As relevant to this litigation, Plaintiff alleged the following non-exhaustive "Affirmative Defenses" in her Answer:

> Tenth Affirmative Defense **-** The actions of plaintiff and its agents, servants, employees, privies or predecessors violated the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* Plaintiff has also engaged in an abusive and deceptive practice in violation of 15 U.S.C. § 1692(e), by misrepresenting to the defendant that it had the authority to bring a foreclosure action when it did not and in violation of 15 U.S.C. § 1692e(2)(A) by using false, deceptive or misleading representation or means in connection with the collection of the alleged subject debt (*i.e.*, falsely representing the character, amount and/or legal status of the subject debt); . . .

> Twelfth Affirmative Defense **-** Plaintiff is not a "holder in due course" of the note and/or mortgage, as defined by the New Jersey Uniform Commercial Code; . . .

> Thirteenth Affirmative Defense **-** Plaintiff is neither the "holder" nor "owner" of the note and/or mortgage, as defined by the New Jersey Uniform Commercial Code; . . . and

> Twenty-Third Affirmative Defense **-** Plaintiff lacks standing to assert the claims alleged against defendant.

In short, in the Foreclosure Action, Plaintiff raised as affirmative defenses an FDCPA violation and Plaintiff's lack of standing to bring suit on the basis of the cancellation of the debt evidenced in the Note in Defendants' original 1099-C. In addition to Affirmative Defenses, Plaintiff asserted four (4) counterclaims for violation of the FDCPA (Count One), violation of the Fair Foreclosure Act (Count Two), common law fraud (Count Three), and discharge of the mortgage and quiet title (Count Four). In the allegations common to all of the Counterclaims, Plaintiff alleged:

> Ultimately, the debt that was evidenced the Note [sic] was cancelled as demonstrated by a 1099C that bears a cancellation date August 5, 2010 that was issued to defendant, Luciana Destefano, by OCWEN, Dkt. No. 8-11, 11 ¶ 5;

> On or about August 12, 2015 [just one day before the Foreclosure Complaint was filed!], defendant, 634 Clark Avenue, LLC, relying upon the [1099-C], purchased the [subject property and said deed was recorded] on or about January 11, 2016, Dkt. No. 8-11, 12 ¶ 6;

5

Plaintiff, knowing the debt [was cancelled, commenced the Foreclosure Action], Dkt. No. 8-11, 12 ¶ 7; and

Because the debt associated with the July 26, 2006 Note was cancelled on August 5, 2010, the security interest, the [Mortgage] became subject and was required to be discharged pursuant to N.J.S.A. 4:6:18-11.2b by either plaintiff and/or its predecessor in interest by filing a Discharge of Mortgage, Dkt. No. 8-11, 12 ¶ 9.

On or about February 25, 2016, Ocwen through its counsel, Udren, filed a Motion to Dismiss Plaintiff's counterclaims for, *inter alia*, failure to state a claim upon which relief can be granted since, "in December 2015, [OCWEN] issued a Corrected Form 1099 demonstrating that the amount of cancelled debt was $0.00." Dkt. No. 8-12. On or about March 10, 2016, Plaintiff filed an opposition response to Ocwen's Motion to Dismiss Counterclaims arguing, *inter alia*, that Plaintiff's "FDCPA [counterclaim] arises out of this foreclosure action" and the other counterclaims "go to the heart of the validity of the mortgage and plaintiff's right to foreclose on the mortgage." Dkt. No. 8-13. On March 18, 2016, the Superior Court dismissed Plaintiff's Counterclaims. Dkt. No. 8-22. The Court did not file an opinion, but stated in the order that the Counterclaims were dismissed for failure to state a claim upon which relief can be granted "and/or for failure to be germane counterclaims that seek equitable relief." *Id.* at 1. At the hearing on the motion, on March 18, 2016, the Superior Court provided additional explanation of its holding on the record.

> The basis of the defendants', and I'm talking about both defendants here, counterclaim, seems to be a 2010 cancellation of a debt issued by the plaintiff. And there's a copy of a form 1099 which allegedly evidences that cancellation of debt. Then in December of 2015, the plaintiff issued a corrective form 1099, demonstrating that the amount of the canceled debt was zero. And that was also issued in this case.
>
> . . .
>
> So in this case I find that these counterclaims are not germane to the plaintiff's action in mortgage foreclosure. They both arise from a transaction that took place four years after the mortgage agreement was entered into. There are counterclaims of common fraud and violation of the Fair Debt Collection Practices Act, which I find to be rather not specific in this case also.

> There is also an action to quiet title and we were also talking about NJSA 46:18-11.2(a). So I find that none of these claims are germane and I will dismiss the counterclaim. I will grant the motion and dismiss the counterclaim. Thank you.

Tr. 10:12-19; 11:9-20. Plaintiff's counsel then asked that, instead of dismissing the counterclaims, the Superior Court transfer the claims to the Law Division. *Id.* at 11:21-23. The Superior Court stated "Yes, I don't have a problem. I'll do that." *Id.* at 11:24-25. Defendants' counsel then noted that Defendants objected to the claims on statute of limitations grounds, but acknowledged that they had not raised this objection previously. *Id.* 12:13-16. Judge Del Bueno Cleary then considered the procedural difficulties of transferring or severing dismissed claims, and concluded, "Well, I already made my ruling on dismissal. I'll keep them as dismissed, you'll just have to file them in the Law Division, okay?" Tr 12:24-13:1. To which Plaintiff's counsel responded, "Fine." *Id.* at 13:2.

On or about May 4, 2016, Ocwen filed a Motion to Establish Standing by establishing chain of title for Plaintiff's mortgage. Plaintiff opposed the motion. By Order dated May 27, 2016, Judge Del Bueno Cleary entered an Order granting Ocwen's Motion and establishing the chain of title through Ocwen to ensure clear title for a subsequent purchaser at sheriff's sale.

After completion of discovery, on or about June 21, 2016, Plaintiff filed a Motion for Summary Judgment again primarily arguing that "the debt upon which plaintiff now seeks to foreclose has been cancelled as evidenced by the 1099-C that was issued to defendant, Luciana DeStefano, by OCWEN on August 5, 2010" and "[i]n the absence of an existing underlying debt, there is no legal basis upon which to commence and/or prosecute an action in foreclosure." Dkt. No. 8-17. On or about June 28, 2016, Ocwen filed its opposition to Plaintiff's Motion for Summary Judgment with a Cross-Motion for Summary Judgment. Dkt. No. 8-18. By Order dated August 5, 2016, the Superior Court granted summary judgment in favor of Ocwen and against Plaintiff and struck Plaintiff's Answer with Affirmative Defenses with prejudice. Dkt. No. 8-19.

The Superior Court did not provide its reasons for granting summary judgment and dismissing Plaintiff's Affirmative Defenses, other than stating that the Order was entered "for good cause shown." *Id.* at 1. The court apparently heard oral argument on the motion on August 5, 2016, but no transcript has been provided to the Court. Dkt. No. 8-20.

On or about September 13, 2016, Plaintiff filed an Appellate Division Notice of Appeal of the August 5, 2016 Order containing a Brief Statement of the Facts and Procedural History, which primarily relates to the state court's finding of a prima facie case in mortgage foreclosure case despite the existence of the inadvertently filed form 1099-C in 2010.

On October 19, 2016, Plaintiff filed the Complaint in this case. Plaintiff alleges that Defendants employed a "false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. 1692e, and falsely represented "the character, amount, or legal status" of the alleged debt when they commenced and continued to prosecute a state foreclosure action against Plaintiff, 15 U.S.C. 1692e(2)(A). Compl. ¶ 17. Specifically, Plaintiff contends that the false representation in the foreclosure complaint this case arose from Defendants' failure to acknowledge that no debt existed as to 634 Clark Avenue, Union Beach, New Jersey, by action of the cancelation of the debt underlying the Note by Defendants' original form 1099-C. Plaintiff argues that Defendants' misrepresentation that a debt was still owed, and attempt, through a foreclosure action, to seize the Property violated sections 1692e(4), (5), (6)(A) and (B) and (10) of the FDCPA. Compl. ¶ 18

Defendant Udren moved to dismiss on November 28, 2016, arguing that the Complaint is outside the Court's subject-matter jurisdiction under the *Rooker-Feldman* doctrine, is time-barred by the applicable statute of limitations, is barred by collateral estoppel, and/or is deficient on the merits. On November 29, 2016, Defendant Deutsche Bank moved to dismiss the

Complaint, joining the motion to dismiss on the basis of the statute of limitations and collateral estoppel, and, additionally, asking this court to abstain from exercising jurisdiction under the *Colorado River* abstention doctrine, and moving to dismiss the Complaint as barred by *res judicata*.

The Court will first turn to Defendant Udren's arguments under the *Rooker-Feldman* doctrine. Because the Court finds that it does have subject-matter jurisdiction, it will then consider Defendants' motion on the basis of the FDCPA's one-year statute of limitations, 15 U.S.C. § 1692k(d). Because the Court finds that Plaintiff's claim is time-barred, the Court declines to reach Defendants' other bases for dismissal.

II. STANDARD OF REVIEW

"Under Fed. R. Civ. P. 12(b)(1), a court must grant a motion to dismiss if it lacks subject-matter jurisdiction to hear a claim." *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). Application of the *Rooker-Feldman* doctrine to deprive the Court of subject matter jurisdiction is an appropriate basis for dismissal under Rule 12(b)(1). *Gary v. Braddock Cemetery*, 517 F.3d 195, 206 (3d Cir. 2008)

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. *Evancho v. Fisher,* 423 F.3d 347, 351 (3d Cir. 2005). It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and

9

the grounds upon which it rests." *Baldwin Cnty. Welcome Ctr. v. Brown,* 466 U.S. 147, 149–50 n. 3 (1984) (quotation and citation omitted). A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" *Bell Atlantic v. Twombly,* 550 U.S. 544, 583 (2007) (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for all civil actions.") (internal citations omitted); *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir.2009) ("*Iqbal* ... provides the final nail-in-the-coffin for the 'no set of facts' standard that applied to federal complaints before *Twombly*.").

Following the *Twombly/Iqbal* standard, the Third Circuit applies a two-part analysis in reviewing a complaint under Rule 12(b)(6). First, a district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Fowler,* 578 F.3d at 210. Second, a district court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* A complaint must do more than allege the plaintiff's entitlement to relief. *Id.* However, this standard "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element.'" *Phillips v. Cnty. of Allegheny,* 515 F.3d 224, 234 (3d Cir.2008) (quoting *Twombly,* 127 S. Ct. at 1965); *see also Covington v. Int'l Ass'n of Approved Basketball Officials,* 710 F.3d 114, 118 (3d Cir. 2013) ("[A] claimant does not have to set out in detail the facts upon which he bases his claim.... The pleading standard is not akin to a probability requirement, ... to survive a motion to dismiss, a complaint merely has to state a plausible claim for relief." (citations omitted)). Nonetheless, a court need not credit either "bald assertions" or "legal conclusions" in a

complaint when deciding a motion to dismiss. *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1429–30 (3d Cir. 1997). The defendant bears the burden of showing that no claim has been presented. *Hedges v. U.S.,* 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.,* 926 F.2d 1406, 1409 (3d Cir. 1991)).

"As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings. . . . However, an exception to the general rule is that a "document *integral to or explicitly relied* upon in the complaint" may be considered "without converting the motion [to dismiss] into one for summary judgment." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).[2] "[A] court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *In re Donald J. Trump Casino Sec. Litig.-Taj Mahal Litig.*, 7 F.3d 357, 368 n.9 (3d Cir. 1993) (quoting *Pension Benefit Guar. Corp. v. White Consol. Indus.,* 998 F.2d 1192, 1196 (3d Cir. 1993). A court may also consider "any 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (quoting 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d ed. 2004)). Here, the Court takes judicial notice of and relies upon the public record of the Foreclosure Action in the New Jersey Superior Court, which is incorporated in the Complaint, and has been attached in substantial part to the parties' briefing.

---

[2] When deciding a motion to dismiss, a court may consider the pleadings and attached exhibits "which [are] a part of the pleading for all purposes," Fed. R. Civ. P. 10(c); *Dowdell v. University of Med. & Dentistry,* 94 F.Supp.2d 527, 529 (D.N.J.2000) (citations omitted). *See also* 2 Moore's Federal Practice § 12.34[2] (3d ed. 2014) (""court may consider only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the judge may take judicial notice.").

III. ANALYSIS:

   A. *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine limits the subject-matter jurisdiction of the federal courts by barring claims "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The Third Circuit has enumerated four requirements that must be met for the doctrine to apply: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (quoting *Exxon Mobil*, 544 U.S. at 284)). "The Supreme Court has emphasized that *Rooker-Feldman* is a 'narrow doctrine' that 'applies only in limited circumstances.'" *Giles v. Phelan, Hallinan & Schmieg, L.L.P.*, 901 F. Supp. 2d 509, 521 (D.N.J. 2012) (citing *Lance v. Dennis*, 546 U.S. 459, 464-66 (2006)). A complaint which alleges "injury caused by the defendant's actions and not by the state-court judgment" does not implicate *Rooker-Feldman*. *Great W. Mining & Mineral Co.*, 615 F.3d at 167. *Ibid.*

Defendant Udren contends that Plaintiff's FDCPA Complaint before this Court impermissibly asks for appellate review and reversal of the New Jersey Superior Court's August 5, 2016 grant of summary judgment to Defendants on their Foreclosure Complaint, dismissing Plaintiff's affirmative defenses to foreclosure, and referring the case to the Foreclosure Part as an uncontested action. Udren Mot. 17. Defendant Udren further contends that the Foreclosure Action and Plaintiff's present FDCPA Complaint are "inextricably intertwined" because

Plaintiff's contentions that Defendants' original Form 1099-C canceled the debt were already decided against Plaintiff in the Foreclosure Action in, *inter alia*, the grant of summary judgment to Defendants.

In Opposition, however, Plaintiff provided this Court with the transcript of the March 18, 2016 hearing on Defendants' motion to dismiss Plaintiff's counterclaims. As noted above, those counterclaims explicitly set forth Plaintiff's cause of action under the FDCPA and raised the issue of the failure to recognize the cancelation of debt by the Form 1099-C as the source of Defendants' alleged misconduct. The Transcript makes clear that Judge Del Bueno Cleary did not believe this issues to be germane to the Foreclosure Action. Tr. 11:9-20. She also made clear that she did not perceive her orders in the Foreclosure Action as disposing of Plaintiff's Counterclaims, first by offering to transfer the claims for disposition in the Law Division, *id.* at 11:24-25, and then, after Defendants' objection, by instructing Plaintiff to refile the claims in the Law Division after their dismissal from the Foreclosure Action. *Id.* at 12:24-13:1.

Nothing in the Superior Court's subsequent, August 5, 2016 Order granting Defendants summary judgment and dismissing Plaintiff's affirmative defenses contradicts that court's earlier holding. Although it is true the Plaintiff's affirmative defenses address substantially similar allegations to Plaintiff's counterclaims and the FDCPA Complaint here, this Court cannot infer from the Superior Court's bare order of dismissal that such defenses were rejected on the merits. Defendants have not provided any written opinion or transcript of an oral opinion suggesting that the state court intended its grant of summary judgment to decide elements critical to Plaintiff's counterclaims, including Plaintiff's present FDCPA claim. On the contrary, the transcript of the March 18, 2016 hearing suggests that the Superior Court specifically understood its rulings in the

Foreclosure Action not to bar Plaintiff's counterclaims, which were not germane to the issues being decided in the Foreclosure Action.

Accordingly, applying the *Great Western* factors here, despite losing on summary judgment in the state court, Plaintiff cannot be said to have lost on issues dispositive of her counterclaims, including the FDCPA claim before this court, because the state court explicitly excluded any ruling on those claims from its decision. Predictably therefore, Plaintiff's alleged "injuries" do not derive from a judgment of the state court. The state court's judgment, as is made clear by the hearing transcript, was that Plaintiff could pursue her claims in another forum. Plaintiff does not seek relief from that judgment. Finally, this court need not review or reject the grant by the state court of summary judgment in the foreclosure proceeding, because the state court excluded Plaintiff's FDCPA claims from the reach of that decision. The *Rooker-Feldman* doctrine, therefore, does not operate to restrict the jurisdiction of the Court in this case.[3]

B. Statute of Limitations

An action under the FDCPA must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). In an unreported decision, that has been widely cited in this district as persuasive authority, the Third Circuit observed that where, as here, "FDCPA claims are premised upon allegations of improper pursuit of debt collection litigation, courts are split as to when the FDCPA's one-year statute of limitations begins to run: some have held that such claims accrue upon filing the underlying collection action, *see Naas v. Stolman,*

---

[3] This Court does not necessarily agree with the Superior Court's conclusion that Plaintiff's claims were not germane to the foreclosure action, but, as the *Rooker-Feldman* doctrine itself instructs, it is not the role of this Court to sit as a court of appeals from the state court's judgments. I therefore merely note the inherent tension in Defendants' argument, asking the Court to find Plaintiff's claims in the Complaint, previously raised as counterclaims in the Foreclosure Action, to be inextricably intertwined with the Foreclosure Action, after the state court explicitly held such claims to be *not germane* to the Foreclosure Action.

130 F.3d 892, 893 (9th Cir. 1997), while others use the date on which the purported debtor was served with the complaint. *See Johnson v. Riddle,* 305 F.3d 1107, 1113 (10th Cir. 2002)." *Schaffhauser v. Citibank (S.D.) N.A.*, 340 F. App'x 128, 130–31 (3d Cir. 2009). The Third Circuit declined to decide which standard was correct, because, on the facts of the case before it, plaintiff's FDCPA complaint was clearly untimely under either standard.[4] *Ibid.* I find that the same situation is presented in the case now before the Court. Using either the date of filing of the Foreclosure Action, or the date that service was made on Plaintiff, Plaintiff's FDCPA claims based on Defendants' bringing the Foreclosure Action are time-barred.

As noted *supra*, the act of Defendants which Plaintiff alleges to have violated the FDCPA in this case is the bringing of a foreclosure complaint against the Property in the Superior Court of New Jersey. Compl. ¶¶ 17-18. The record from the Superior Court Foreclosure Action

---

[4] After *Schaffhauser*, the Third Circuit favorably commented on the use of the date of filing as the date of accrual, citing the opinion of the Ninth Circuit in *Naas*, without explicitly adopting it as the standard in this circuit. *Peterson v. Portfolio Recovery Assocs., LLC*, 430 F. App'x 112, 115 (3d Cir. 2011) (quoting *Naas v. Stolman,* 130 F.3d 892, 893 (9th Cir. 1997)) ("Other circuits have held, entirely reasonably, that the FDCPA statute of limitations should begin to run on the date of 'the debt collector's last opportunity to comply with' the Act."). The Ninth Circuit, however, has since moved away from *Naas*'s application of the date of accrual, and held that "where the alleged FDCPA violation is the filing of a collection lawsuit," the general, federal "discovery rule" applies such that the limitations period begins to run when the plaintiff knows or has reason to know that he or she has been sued. *Lyons v. Michael & Assocs.*, 824 F.3d 1169, 1172-73 (9th Cir. 2016). Since *Lyons*, the Eleventh Circuit has accurately described the state of the law concerning "when the limitations clock begins to run where the act allegedly violating the FDCPA is a debt collection or foreclosure lawsuit" as "every . . . court to consider the question has determined that the clock begins to run on either the date the initial suit was filed or the day the FDCPA plaintiff became aware of the initial suit." *Rivas v. The Bank of N.Y. Mellon*, 676 F. App'x 926 (11th Cir. 2017). The question whether, in this Circuit, the statute of limitations for FDCPA claims based on the filing of a debt collection action or foreclosure complaint begins to run upon defendant's filing or plaintiff's discovery is currently on appeal before the Third Circuit in *Kevin Rotkiske v. Paul Klemm, et al.*, No. 16-1668 (3d Cir. Mar. 25, 2016) on appeal from *Rotkiske v. Klemm*, No. 15-CV-3638, 2016 WL 1021140 (E.D. Pa. Mar. 15, 2016). I, however, do not need to reach the question here, because Plaintiff's claims are time-barred based upon either the date of filing or the date of service in this case.

indicates that Defendants filed their foreclosure complaint against Plaintiff on August 13, 2015. On September 2, 2015, the state court accepted Defendants' affidavit of service, which certified that Plaintiff had been served on August 21, 2015. In reliance on the affidavit of service, the Superior Court entered default against Plaintiff on October 16, 2015. No subsequent Order of the Superior Court, docket entry, or case filing with which this Court has been presented, indicates that the August 21, 2015 service was ever invalidated. The Complaint in this case was filed on October 19, 2016, approximately one year and two months after Plaintiff was served with the foreclosure complaint. Accordingly, using the date of service as the date on which Defendants' FDCPA violation is alleged to have occurred *at the latest*, Plaintiff's Complaint in this action was filed outside of the one-year limitations period and is time-barred by the FDCPA's statute of limitations. *Schaffhauser*, 340 F. App'x at 131; 15 U.S.C. § 1692k(d).

In Opposition, Plaintiff contends that, although the only affidavit of service filed in the Foreclosure Action indicates that service was made on August 21, 2015, the December 14, 2015 Order of the Superior Court vacating default converted the date of service to December 14, 2015, because the basis on which Plaintiff moved to vacate default was the insufficiency of service. I disagree.

Firstly, the Court has not been provided with and has not found any written opinion or hearing transcript concerning the Order vacating default, and the Order itself does not, on its face, purport to change the date of service. It does not, for example, find that the September 2, 2015 Affidavit of Service was invalid, require Plaintiff's counsel to accept service, or instruct Defendants' counsel to make proper service. Instead, the Order merely vacates default and instructs Plaintiff to answer within 35-days of the date of Order (December 14, 2015).

Secondly, Plaintiff has not provided any law stating that a bare order vacating default automatically, as a matter of law, alters the date of service. Plaintiff's briefing assumes this fact, without legal citation of any kind. To the contrary, New Jersey's law, much of it cited in Plaintiff's own motion to vacate default before the Superior Court, reveals a very lenient standard, which by no means requires a finding that service was insufficient or improper. For example, this Court notes the legal standard from Plaintiff's brief in support of her motion to vacate default:

> R. 4:43-3, provides, in pertinent part, . . . that "[f]or good cause shown, the court may set aside an entry of default . . ." . . . The requirements for setting aside a default under R. 4:43-3 are less stringent than those for setting aside an entry of default judgment under R. 4:50-1. *See New Jersey Manufacturers Ins. Co. v. Prestige Health Group*, 406 N.J. Super. 354, 360 (App. Div. 2009) . . . . To that end, Courts have 'broad discretion' to vacate defaults under R. 4:43-3. Additionally, motions to vacate default should be granted with 'great liberality,' under R. 4:43-3, and every reasonable ground for indulgence is tolerated to the end that a just result is reached. *See Eileen T. Quigley, Inc. v. Miller Family Farms, Inc.*, 266 N.J. Super., 283, 293 (App. Div. 1993) . . . .
> New Jersey courts have held that only a mere showing of 'good cause' is required in order to vacate a default pursuant to R. 4:43-3. The courts, in considering whether good cause exists, . . . typically look for the following three factors: (1) whether the default was willful or culpable; (2) whether granting relief from the default would prejudice the opposing part; and (3) whether the defaulting party has a meritorious defense. *See Trustees of Local 478 v. Baron Holding Corp.*, 224 N.J. Super. 485, 489 (App. Div. 1988).

Dkt. No. 8-8, 10. In her motion brief, Plaintiff argued that all three factors weighed in favor of vacating default because of the insufficiency of service, the absence of any prejudice to Defendants, and the presence of a meritorious defense based on the Form 1099-C. Dkt. No. 8-8, 11. In the absence of an opinion, this Court cannot say which factors the Superior Court considered, but any, particularly Plaintiff's allegations concerning a meritorious defense could have been sufficient. For example, in *O'Connor v. Altus*, 67 N.J. 106 (1975), the seminal case in New Jersey on the standard for vacating default, the Court vacated default, despite "valid service

upon and proper entry of default as to" the defendant, because other circumstances, particularly the presence of a potentially meritorious defense weighed in the defendant's favor. *Id.* at 128-29.

Third and finally, Plaintiff has failed, either in her Complaint or in support of her Opposition to the present motion, to submit an affidavit to show, independently of the Order Vacating Default, that service was not in fact made on August 21, 2015. The allegations in the Complaint are carefully crafted to avoid explicitly denying that Plaintiff in fact received the service packet from the Foreclosure Action on or around August 21, 2015. Instead, Plaintiff alleges that Plaintiff was served on December 14, 2015 "by virtue" of a "Court Order." Compl. ¶ 2. I find these allegations particularly suspect because the record clearly shows that Plaintiff's counsel, who had presumably been retained by Plaintiff some time prior to his appearance in the Foreclosure Action, was already in possession of the service packet containing the foreclosure complaint on November 18, 2015, when Plaintiff attached it as an exhibit to counsel's certification in support of her motion to vacate default. In fact, the only documents now before the Court purporting to show that Plaintiff was not, in fact, served on August 21, 2015, the date of service reflected in the record of the Foreclosure Action, are the certifications of Plaintiff's counsel, and not Plaintiff herself. Those certifications too employ torturously crafted language, which avoids denying receipt of service. Instead, Plaintiff's counsel certifies that in the Affidavit of Service, Defendants purported to serve Plaintiff at an address in Keyport, New Jersey, Dkt. No. 8-9, 6 ¶ 5; but Plaintiff lives in Union Beach, New Jersey, *id*. at 6 ¶ 6; and therefore service is insufficient because Plaintiff "does not and has never lived in Union Beach, New Jersey." *Id.* at ¶ 7. In this Court, a certification of counsel alone, lacks legal effect for facts outside of counsel's personal knowledge. L. Civ. R. 7.2(a) (requiring that affidavits, declarations and certifications "shall be restricted to statements of fact within the personal knowledge of the

signatory."); *Matusiak v. Pennsylvania R. Co.*, 134 F. Supp. 681, 683 (D.N.J. 1955) ("the facts relating thereto are peculiarly within the personal knowledge of the plaintiff so . . . the affidavit by his counsel is incompetent and its substantive assertions cannot be considered by the court on this motion because they are not facts within his personal knowledge."). Here, as the information critical to the disposition of the motion is known exclusively by Plaintiff, Plaintiff's counsel was not competent to certify it, and the certification of counsel will not be credited by this Court. Indeed, I note with more than a bit of skepticism, Plaintiff's position with regard to service, since all applications — both in the Foreclosure Action and here — are lacking certifications by Plaintiff, instead relying only on the carefully crafted, ambiguous certifications of counsel. Moreover, even crediting counsel's certifications, nothing within them states that Plaintiff or a member of her household was not served, and indeed, as noted above, the facts indicate that Plaintiff did receive the service packet at some point sufficiently prior to November 18, 2015, to retain counsel and have counsel draft motion papers.

In sum, Defendants have shown that an Affidavit of Service from the Foreclosure Action certifies that Plaintiff was served on August 21, 2015. No order or other action of the Superior Court invalidated that service. Since Defendants have thereby met their burden on their affirmative defense, and the Court has rejected Plaintiff's conclusory legal assertion that the date of service was legally altered by court order, the only date of service supported by the factual allegations in this case, viewing the Complaint, attached exhibits, and the public record in the Foreclosure Action upon which the Complaint relies, is August 21, 2015. *Stephens v. Clash*, 796 F.3d 281, 288 (3d Cir. 2015) (although "a plaintiff is not required to plead, in a complaint, facts sufficient to overcome an affirmative defense," where the allegations in the complaint reveal when the limitations period began to run, dismissal under Fed. R. 12(b)(6) is appropriate);

*Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (dismissal under Fed. R. Civ. P. 12(b)(6) on statute of limitations grounds appropriate where supported by "allegations contained in the complaint, exhibits attached to the complaint and matters of public record"); *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999) ("To resolve a 12(b)(6) motion, a court may properly look at public records, including judicial proceedings, in addition to the allegations in the complaint."). Plaintiff provides no factual allegations disputing this date. In arguing that some date after the attested date of service should be considered for limitations purposes, Plaintiff has failed to present any law, identify any allegation in the Complaint, or submit any sworn affidavit concerning when service was *actually* made or even when Plaintiff *actually* became aware of the Foreclosure Action against the Property.[5] Accordingly, under whatever framework the Court considers Defendants' motion, Defendants have met their burden, and Plaintiff has introduced nothing to compel a different result.

IV. CONCLUSION

Accordingly, for the reasons stated above, Defendants' motion to dismiss Plaintiff's Complaint as time-barred is GRANTED.


Dated: _____6/29/2017_____                              /s/ Freda L. Wolfson
                                                          The Honorable Freda L. Wolfson
                                                          United States District Judge

---

[5] Accordingly, even were the Court to apply the more lenient discovery rule — that the limitations period begins to run when the plaintiff knows or has reason to know that he or she has been sued — which the Third Circuit has yet to apply in the FDCPA context, Plaintiff has provided no facts upon which this Court could rely in beginning to calculate the limitations period from a date after the date of service attested in the public record of the Foreclosure Action. *See Major Tours, Inc. v. Colorel*, 799 F. Supp. 2d 376, 389 (D.N.J. 2011) (quoting *Lopez v. Swyer*, 62 N.J. 267 (1973) (in applying the discovery rule, "'[t]he burden of proof will rest upon'" plaintiff, "'the party claiming the indulgence of the rule.'").