UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUCIANA DESTEFANO, | Civil Action No. 16-7559 (FLW)(LHG) |
| Plaintiff, | **MEMORANDUM ORDER** |
| v. | |
| UDREN LAW OFFICES, P.C., DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for MORGAN STANLEY ABS CAPITAL I INC. TRUST 2006-HE8 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-HE8, and OCWEN LOAN SERVICING, LLC | |
| Defendants. | |

**THIS MATTER**, having been opened to the Court by Frederick Coles, III, Esq., counsel for the Plaintiff Luciana Destefano ("Plaintiff"), on a motion to vacate judgement, pursuant to Fed. R. Civ. P. 60(a), 60(b)(1), and 60(b)(6);[1] it appearing that Defendants Ocwen Loan Servicing, LLC, and Deutsche Bank National Trust Company, through counsel Blank Rome LLP; and Udren Law Offices, P.C., through counsel David Neeren, Esq., (collectively, "Defendants"); oppose the motion;

**IT APPEARING THAT**,

1. On June 29, 2017, this Court dismissed Plaintiff's Complaint under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e, with prejudice, as time-barred by the applicable, one-year statute of limitations.

---

[1] Although Plaintiff brought her motion under Rule 60, in essence, Plaintiff is requesting reconsideration of the Court's previous Dismissal Order dated June 29, 2017, pursuant to L. Civ. R. 7.1(i). *See U.S. v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

2. Plaintiff's October 19, 2016 Complaint alleged that Defendants violated the FDCPA by bringing of a foreclosure complaint against Plaintiff's property located at 634 Clark Avenue, Union Beach, New Jersey 07735, in the Superior Court of New Jersey, on August 13, 2015. Compl. ¶¶ 17-18.

3. An action under the FDCPA must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Where "FDCPA claims are premised upon allegations of improper pursuit of debt collection litigation, courts are split as to when the FDCPA's one-year statute of limitations begins to run: some have held that such claims accrue upon filing the underlying collection action, *see Naas v. Stolman,* 130 F.3d 892, 893 (9th Cir. 1997), while others use the date on which the purported debtor was served with the complaint. *See Johnson v. Riddle,* 305 F.3d 1107, 1113 (10th Cir. 2002)." *Schaffhauser v. Citibank (S.D.) N.A.*, 340 F. App'x 128, 130–31 (3d Cir. 2009).

4. This Court found that, under either standard, Plaintiff's FDCPA action was filed out of time. Defendants filed their foreclosure complaint against Plaintiff on August 13, 2015, more than a year prior to the filing of Plaintiff's Complaint on October 19, 2016. This Court also found that, based on the available record of the New Jersey Superior Court action, Plaintiff was served with the allegedly offending foreclosure complaint on August 21, 2015, again more than a year prior to the filing of Plaintiff's Complaint.

5. Plaintiff, however, contended that, although the only affidavit of service filed in the Foreclosure Action indicates that service was made on August 21, 2015, a December 14, 2015 Order of the Superior Court vacating default, as a matter of law, converted the date of service to December 14, 2015, because one of the bases on which Plaintiff moved to

vacate default was the insufficiency of service.[2] In support of her argument, Plaintiff relied upon the December 14, 2015 Order of the Superior Court, which provided no reasoning or explanation beyond that it was entered "for good cause shown."

6. This Court found that Plaintiff's position was not supported by applicable New Jersey law, which permits the vacating of default even where service is proper. *See O'Connor v. Altus*, 67 N.J. 106 (1975). In the absence of any explanation from the Superior Court, therefore, this Court found that the December 14 Order on its face did not invalidate the August 21st date of service. This Court therefore found that, because Defendants had introduced some evidence in support of their contention that Plaintiff was served on August 21, 2015, and Plaintiff, conspicuously, had failed to introduce any evidence that she was not served on that date, instead relying upon a carefully crafted certification of counsel and erroneous legal argument, the only date of service supported by the record was August 21, 2015, and Plaintiff's October 19, 2016 FDCPA Complaint was filed out of time.

7. Local Rule 7.1(i) allows a party to seek reconsideration of a court's decision if there are "matters or controlling decisions which counsel believes the Judge ... has overlooked." L. Civ. R. 7.1(i); *see also Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F.Supp.2d 482, 507 n. 12 (D.N.J. 2002). Reconsideration is "an extraordinary remedy" that is to be granted "very sparingly." *Id.* at 507. A motion for such reconsideration may only be granted upon finding: "(1) an intervening change in the controlling law; (2) the availability of new evidence that

---

[2] Plaintiff's argument is that, although Defendants' certificate of service indicates that an adult woman, who refused to give her name, was served at Plaintiff's correct street address, 634 Clark Avenue, the process server misidentified Plaintiff's street address as being located in Keyport, the immediately neighboring town, rather than in Union Beach. Plaintiff, however, admits that there is no such address as 634 Clark Avenue in Keyport, whereas such address does exist in Union Beach and was Plaintiff's residence. ECF No. 18-3, Coles Cert., Ex. A, p. 3.

was not available when the court granted the motion ...; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Moreover, the Court will only grant such a motion if the matters overlooked might reasonably have resulted in a different conclusion. *Bowers v. Nat'l. Collegiate Athletics Ass'n.,* 130 F.Supp.2d 610, 613 (D.N.J. 2001).

8. In support of the present motion, Plaintiff has, submitted a certification of counsel, attaching the transcript from the December 14, 2015 hearing before the New Jersey Superior Court, deciding Plaintiff's motion to vacate default in the foreclosure proceeding. This transcript was not previously provided to the Court, and Plaintiff has provided no explanation for why it was not. Nor has Plaintiff explained why Plaintiff failed to rely upon the transcript in opposition to Defendants' motion to dismiss. The Court, therefore need not consider the transcript. *Blystone v. Horn*, 664 F.3d 397, 415–16 (3d Cir. 2011) ("'new evidence,' for reconsideration purposes, does not refer to evidence that a party ... submits to the court after an adverse ruling. Rather, new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available.'" (*Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 252 (3d Cir. 2010)); *Id.* at 416 ("Evidence that is not newly discovered, as so defined, cannot provide the basis for a successful motion for reconsideration." (citing *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985)).

9. Nevertheless, if I were to consider the transcript, after reviewing the Superior Court's statements on the record, I find the following passage potentially relevant to the matter at bar:

> There is argument as to whether she was serve[d] properly but I find at this point she has had knowledge of this action. I find that the defendant has shown good cause for setting aside the entry of default. If she was never served, she found out

4

sometime around November 6th, and filed this motion immediately. So certainly she filed the motion November 18th, so that was certainly 12 days afterwards. So certainly that is within enough time.

Coles Declaration, Ex. B, Tr. 11:16-12:6.

10. This statement is not, however, inconsistent with this Court's prior holding, as the Superior Court did not explicitly find that the August 21, 2015 service of Plaintiff with the foreclosure complaint was invalid. Moreover, the Superior Court's ambiguous reference to November 6, 2015, as a potential date of effective service or at least of Plaintiff's discovery of the action — a date not previously argued by the parties or evidenced in the record in this proceeding — only raises further questions as to why Plaintiff has consistently argued to this Court that the correct date of service was in December 2015. Defendants do not address or respond to the December 14, 2015 transcript in their Reply papers.

11. Considering the Plaintiff's belated submissions in their entirety, the Court finds that reconsideration is not appropriate in this matter because (i) Plaintiff did not previously provide the allegedly significant December 14, 2015 proceeding transcript, despite both Plaintiff and her counsel being aware of the hearing and having provided the order resulting from that hearing; (ii) even considering the transcript, this Court's prior holding remains valid because the Superior Court never invalidated the certificate of service on Plaintiff; (iii) as Plaintiff acknowledges in the documents submitted in support of her own submission on reconsideration, there is no such address as 634 Clark Avenue in Keyport, New Jersey, which is the directly neighboring town to Plaintiff's address in Union Beach; and (iv) Plaintiff, even in her latest submission on reconsideration, has still refused to submit an affidavit or sworn certification that she was not served in August 2015, despite

this Court's clear indication that doing so would have at least created a dispute of fact requiring further proceedings.

Accordingly, the Court having considered the submissions of the parties in connection with the motion, pursuant to Fed. R. Civ. P. 78; for the reasons set forth above; and for good cause shown;

**IT IS**, this 23rd Day of May, 2018,

**ORDERED** that, Plaintiff's Rule 60 Motion [ECF No. 18], is **DENIED**; and it is further

**ORDERED** that this matter shall remain closed.

                                                     /s/ Freda L. Wolfson
                                      The Honorable Freda L. Wolfson
                                        United States District Judge